IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-247-BR

| | | |
|---|---|---|
| PATRICK DEON SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND MEMORANDUM |
| | ) | AND RECOMMENDATION |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff Patrick Solomon's ("Plaintiff") *pro se*

application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity

review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] [DE-1]. These matters were referred to the

undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), respectively. Upon consideration of

Plaintiff's application, the undersigned determines that Plaintiff has demonstrated appropriate

evidence of inability to pay the required court costs and his application to proceed *in forma*

*pauperis* is GRANTED. Based on the foregoing reasons, the court recommends that Plaintiff's

complaint be dismissed as frivolous.

**I.**

A case is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an

indisputably meritless legal theory and include claims of infringement of a legal interest which

---

[1] The court has addressed other pauper petitions filed by Plaintiff in regards to complaints against various law enforcement. *See* 5:13-CV-145-D (complaint dismissed as frivolous); 5:13-CV-167-BO (case pending); 5:13-CV-194-D (complaint dismissed as frivolous); 5:13-CV-219-FL (M&R recommending complaint be dismissed as frivolous).

clearly does not exist." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

Claims that are factually frivolous lack an "arguable basis" in fact. *Neitzke,* 490 U.S. at 325.

Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted

by attorneys, *White v. White,* 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to

accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992)

(explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually

is when making a determination based solely on the pleadings, to accept without question the

truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims include those with factual

allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328.

## II.

According to Plaintiff's complaint, which repeats several allegations previously

dismissed by the court as frivolous, *see Solomon v. Alcohol Tobacco and Firearms*, No. 5:13-

CV-194-D, slip op. at 2-3 (E.D.N.C. Apr. 8, 2013), Plaintiff seeks $540,000,000 from the State

of North Carolina and describes the acts complained of as follows:

> Tampering with and stopping a newspaper business venture to date with expected
> profit return as of date 3/7/13 $10,000,000.00 based on 2 cities. Then another
> 50,000,000.00 from plans to set up duplicated venture with rapid insertion in 5
> other metropolitan cities.
>
> Tampering with and preventing a second non-profit org. business venture
> preventing start up profits yielded to company as well as proceeds to U.S. war
> veterans estimates to date of possibility of 100,000,000 with reasoning of
> expected growth into larger and more vast area's of non-profit area's of needs to
> be filled the my non-profit org. would have met and substained [sic] with rapid
> insertion into projected 13 states with same copy paste style set up in those area's
> starting from year 2010.

2

Rape 100 cts, use of sleep agent's to neutralize Shaquana Nixon and I, use of psychological war tactics to cause mental defects 10 million cts, caused hyperschizophrenic [sic] behaviors for a 5 year period, Tampering with U.S. Supreme Court Civil Suit, Tampering with civil suits at state level, Theft of mail, Altering court calendars, altering school transcripts, creating false debt owed to Wake Tech, Tampering with & creating non delivery of mail 100 cts, Sending women to accouste [sic] and spy on me, Slander, Caused bodily defects and injury (working out & bus schedule altering forcing extreme running and movement to get kids home from school, Attempts to cause child protection service issues.

Harassment of my mother!
Harassment of myself, Secret peeping 1,000,000 cts
Harassment of my friends, caused hyper-paranoia to myself
Harassment of my family, {caused hyper-paranoia schizophrenia to Shaquana Nixon}
Unlawful searches of my person 50 cts
Unlawful breaking & entering of my vehicle 800 cts
Unlawful breaking & entering my home 1,000 cts
Unlawful attempted murder on plaintiff, plaintiffs children as well as Shaquana Nixon 20 cts
Performing unwanted mechanical alterations to 2 personal vehicles
Unlawful harassing & threatening phone calls
Assault, stalking, cyberstalking 5,000 cts
Unlawful imprisonment, Invasion of privacy unjustly
Falsifying warrant documents
Threatening me verbally, caused depression to myself
Theft of items from my motor vehicle
Theft of items from my home, public humiliation
Unsafe exposure to myself & family from informant encounters
Threat's by I suppose informants due to actions of sheriff's dept.
Harassment at home address by unknown criminal
Harassing phone calls by unknown threatening bodily harm
Theft of a motor vehicle caused depression to Shaquana Nixon
Break' ins by unknown criminals to girlfriends home
Theft of clothes and personal items my home & girlfriends
Threats of bodily harm & murder to mom, kids, friends & family
Assault by attempting to poison to say food item
Break & entering my public storage locker
Assault by form of psychological war tactics 1,000,000 cts

Assault by tampering with motor vehicle
Attempted murder by tampering with brake components
Attempted manslaughter by car accident (hit & run) Chryler [sic] 300
Attempted murder of my 3 children, Shaquana Nixon and myself

3

while pedestrian by motor vehicle
Physcological threating [sic] of life,
Tampering with physical evidence
Cyber tampering with evidence
Tampering with Heath & Human Services Medicaid case
  "   "    "  Food Stamp assistance
  "   "    "  Work First Program
Threating death with coercsion [sic] to move to Charlotte
  "   "    "  Durham County
  "   "    "  way past Durham County
Theft of personal property (5,000 counts)
Assault by lacing marijuana
Sell & Delivery of marijuana
Physcological hyperparonoia [sic] from seeing my personal property
Causing me to be declared or seek handicap relief
Caused Emergency Room visits
Bodily Injury
Danger to Personal Property
Assault & Battery
Invasion of privacy by listening device
Invasion of privacy by audio recording
Invasion of privacy by video feed
Invasion of privacy by wire tapping

[DE-1-1] at 3-9.[2]

### III.

Plaintiff's complaint consists of delusional scenarios and irrational statements appearing

to derive from Plaintiff's stream of consciousness. For these reasons, this court

RECOMMENDS that Plaintiff's complaint be DISMISSED AS FRIVOLOUS. *See Solomon*,

No. 5:13-CV-194-D, slip op. at 2-3.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for

the respective parties, who have fourteen (14) days from the date of receipt to file written

---

[2] The above allegations are identical to allegations contained in Plaintiff's other pauper petitions. *See* 5:13-CV-194-D (IFP application filed March 18, 2013); 5:13-CV-167-BO (IFP application filed March 8, 2013). The pages in the instant complaint containing such allegations bear the docket entry of complaints Plaintiff has previously filed in this court.

4

objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 1st day of May, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

5